United States Courts
Southern District of Texas
FILED

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**JUN 2 2 2016**

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| WILLIAM HARVEY POFF AND | § | CASE NO.: 16-32606-H4-13 |
| JULIA ANN POFF | § | |
| Debtor(s) | § | |

**DEBTOR'S RESPONSE TO SECURED CREDITOR, CYPRESS FOUR PROPERTY VENTURES, LLC., OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGANIZATION AND POTENTIAL FRAUD AND ABUSE**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, WILLIAM AND JULIA POFF, Debtors in the above cause number and file this response to Secured Creditor, Cypress Four Property Ventures, LLC., Objection to Confirmation of Debtor's Chapter 13 Plan of Reorganization and Potential Fraud and Abuse and would show the court the following:

I.

BACKGROUND

1- Debtors object to the language used in paragraph 1 stating that they filed a "deficient Joint Pro Se voluntary petition." On May 24, 2016 the debtors did file a voluntary petition for relief under Chapter 13 of the bankruptcy code but in no way was it deficient. Under Rule 1007 (c)of the US Bankruptcy Code it states that the Debtors have 14 days to file the rest of the required

documents after filing a petition and the debtors have complied with that rule.

2- Debtors deny paragraph 2 of the Creditor's objection, again in accordance with Rule 1007(c) all required documents have been filed within the court in the allowed time. Debtors also certify that the requirement of taking a course prior to filing was completed as required but there was a delay in getting a printed copy of the completion so it was filed along with all the other documents on June 6, 2016. The objection however was filed prior to any of the documents in a premature fashion to harass the debtors before they could even comply with the Rules of the Bankruptcy code. Also as required the Debtors have filed a proposed plan and deny the accusations stated in the objection. The debtors certify that they do NOT own a "large non-exempt boat, a Harley Davidson motorcycle, and a valuable Mickey Mouse collection," and require that the Creditor provide strict proof otherwise. The Mickey Mouse collection is clearly documented in the schedules that were filed on June 6, 2016. It is only that valuable as stated by the Creditor as a personal collection to the debtor.  In regards to Form 103A nowhere on the form does it ask for your income and as of the date of filing this response the debtors have paid $240 so there is only $70 left to satisfy their obligation.

3- Debtors deny false information on debtor's schedules because this objection was received on June 4, 2016 by certified mail and at that time the Creditor had not even seen debtor's schedules.

Debtors object to the false accusations and require strict proof of what the Creditor has stated.

4- Debtors object to the term being used by the Creditor as "serial filers" because their last case was filed in 2012 and fully discharged under Chapter 7 in April 2014. They are not abusers of the system and in no way have committed any fraud. With the irreparable mental, physical, and financial harm suffered by the actions of this Creditor in particular the Debtors were pushed into a corner with no other alternative actions then to file for relief and to be able to reorganize their finances.

5- Debtors object to the false accusations from the Creditor, there are no requirements listed on the form that filed to pay in installments, and to date the Debtors have followed their proposed payment plan and only owe $70.00 as a remaining balance.

6- Debtors agree there is a written residential lease with the Creditor.

7- Debtors understand that it has only been 3 years and 8 months since their Chapter 7 bankruptcy case was filed and that a discharge in their current case is at the discretion of the court.

8- Debtors have submitted a proposed good faith plan in accordance with §1325 of the Bankruptcy Code.

9- Debtors object to the false statement made in paragraph 9 because again when this objection was filed Creditor had not seen "statement of financial affairs annual income to date" because it hadn't been filed yet.

10- Debtors object to "Exhibit D" being presented to the court because it is not a true and correct copy of the Real Estate Lease. The exhibit contains extra documents labeled as "amendments" but they are not properly addressed within the lease so they can't be included as part of a document with no reference.

11- Debtors deny paragraph 11, the plan was properly filed within the 14 day requirement under Rule 1007(c) of the Bankruptcy code.

12- Debtors deny paragraph 12, the Creditor prematurely filed their objection without reviewing the documents filed by the Debtors within the required time frame. Should they have waited to review the documents before filing they would of seen:

    (a) Complete description of assets

    (b) Future employment of debtors

    (c) All financial information on debtors

    (d) Required 2016 pay stubs for debtors

    (e) Information to any risks being taken by debtors and effects of creditors

    (f) A feasible and proposed Chapter 13 plan.

13- Debtors have proposed a plan filed on June 6, 2016.

14- Debtors deny accusations in paragraph 14, premature filing of objection denied the Creditor the ability to review all documents including proposed plan filed by debtors.

15- Debtors deny paragraph 15 and feel that all creditors are protected within their proposed plan.

16- Debtors feel their proposed plan meets the requirements of 11 U.S.C. Section 1325(b) and are not attempting to rewrite a lease that was technically breached by the Creditor before it ever began.

17- Debtors deny the false allegations in paragraph 17 and require strict proof otherwise.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Debtors, **WILLIAM AND JULIA POFF** prays that this Court, upon responses to the Creditor, CYPRESS FOUR PROPERTY VENTURES, LLC., objection to a confirmed plan deny the Movant's request and affirm that the objection was filed prematurely before the Debtors even had the chance to abide by the Rules of Bankruptcy. The Debtors pray that the Court sees that all requirements from the Court and the Trustee appointed to this case have been followed in a timely manner. The Debtors also pray that the automatic stay is not lifted regarding any secured creditors and that the proposed plan provided by the Debtors is confirmed.

Respectfully submitted,

Julia A. Poff & William H. Poff

34534 Park Green

Brookshire, TX 77423

832-752-1748

Debtors Pro Se