United States Courts
Southern District of Texas
FILED

JUL 13 2016

David J. Bradley, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM HARVEY POFF AND | § | CASE NO.: 16-32606-H4-13 |
| JULIA ANN POFF | § | |
| Debtor(s) | § | |

## DEBTOR'S MOTION FOR CONTEMPT, TO QUASH WRIT OF POSSESSION, AND SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY AGAINST SCOTT HORNE, PATRICK HOSKINS, AND CYPRESS FOUR PROPERTY VENTURES, LLC.

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, WILLIAM AND JULIA POFF, Debtors in the above cause number and file this Motion For Contempt, to Quash Writ of Possession and Sanctions For Violation of the Automatic Stay and would show the court the following:

I.

### PETITION/WRIT OF POSSESSION

Debtors filed their petition on May 24, 2016 at approximately 10:49 am and on that date in Waller County somehow an illegal Writ of Possession was being issued in violation of the Texas Property Code. In a telephone hearing that afternoon, the Debtor, Julia A. Poff notified Scott L. Horne, the attorney for Cypress Four Property Ventures LLC., that they had filed for a Chapter 13 bankruptcy that

morning. Being advised of the filing of bankruptcy case in any form places a creditor on notice of the bankruptcy filing. Even though he was verbally told, Mr. Horne continued to have the Writ of Possession issued and had it sent to the Sheriff's office to serve. However, on the morning of May 25, 2016 a "Suggestion of Bankruptcy" was filed in the case and the Writ was declared "issued and unserved." Section 362(a) of the Bankruptcy Code provides that "upon" filing of a petition an automatic stay prevents (2) "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; and (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Mr. Horne violated the automatic stay by not cancelling or rescinding his request for the issuance of the Writ of Possession once he learned of the bankruptcy petition being filed on May 24 verbally from the Debtor. ***In re Roberts, 175 B.R. 339 (9th Cir. BAP 1994),*** (the creditor had an affirmative duty to stop the issuance of the Writ when notified of the automatic stay but did not do so). Failure to do so was a willful violation of the stay meriting sanctions. (In having knowledge of the of the bankruptcy case was enough to stop the Writ from being issued); ***In re Taylor, 190 B.R. 459 (Bankr. S.D. Fla 1995).***

II.

**CONTEMPT OF COURT**

On June 28, 2016 in this Court a hearing was held regarding creditor, Cypress Four Property Ventures, LLC., Motion to Lift Stay, and an Order was entered. It specifically stated, "that the stay was to be conditionally lifted as long as a representative appeared at a hearing on July 7, 2016 in Judge Krenek's court." If that was done then the stay was to be lifted at 10:00 AM on July 7, 2016. An invalid (never cancelled out) Writ of Possession from May 24, 2016 was posted on the Debtor's door at 12:00 pm on July 6, 2016. That is a true and willful violation of the Orders of this court and both Cypress Four Property Ventures and their attorneys, Patrick Hoskins and Scott Horne should all be held in contempt of court and for violating the automatic stay under Section 362. ***In re Taylor, 190 B.R. 459 (Bankr. S.D. Fla 1995)*** (although issuance of the Writ of Possession was a non-wilful, technical violation of the stay, it became willful and sanctionable upon attorney's failure to seek to vacate it or cancel the request.) The Writ of Possession even contained the bankruptcy court's orders attached to it which shows that the attorneys, the creditor, and the Waller County Sheriff's office all violated both the direct court order and the automatic stay under Section 362 by failing to adhere to the Order. ***In re Atkins, 176 B.R. 1008 (Bankr. D. Minn 1994),*** (the element of deliberation that is contemplated here of course is the specific intent to proceed with an act, knowing that it is proscribed by a

court order.) Courts must presume that the violation was deliberate if the creditor had received actual notice of the stay. Even after this Court's emergency hearing on the evening of July 6, 2016, the creditor made no effort to inform the Waller County Sheriff's office of this Court's ruling. At the hearing on July 6, 2016, there were two officers present in the room that sat behind everyone. Until the Debtor had a "Writ of Execution" issued against the Creditor on July 8, 2016 and met with the officers in charge of executing did she know who they were. They were the officers sent to carry out the "Writ of Possession," delivered the day before and were waiting for the debtors to actually leave the court. To continue ignoring the Orders of Courts is a pattern that this Creditor has seemed to develop, they seem to think this whole thing is a joke to them while causing severe harm and damage upon the Debtors. The Debtors are entitled to recover damages under Section 362 (k)(1). An award of punitive damages requires "some showing of reckless or callous disregard for the law or rights of others." **In re Bloom, 875 F.2d. 224, 228 (9th Cir. 1989).**

III.

**<u>THREATS AND CONTINUAL HARASSMENT</u>**

On July 12, 2016, it was brought to the Debtor's attention that the Waller County Sheriff's office is on "heightened alert" around Julia Poff because she "carries." I am not sure where this came from but I consider it a threat to me personally by spreading rumors like this. I do not even own a gun and have not shot one since discharged from

the military in 1993. I have been diagnosed with severe rheumatoid arthritis and have trouble holding a gallon of milk, I seriously doubt that I could hold and attempt to shoot a gun at all, my wrist would give out first. This may be "hearsay" from a party involved in this case but with what has transpired in this world lately I am extremely upset by hearing this and take great offense to it and I hope this Court would as well. I take great offense as well as to seeing the Landlord/Creditor drive by my house several times, I consider that a violation of its own but that's for this Court to decide.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Debtors, **WILLIAM AND JULIA POFF** prays that this Court, will find cause to hold Scott Horne, Patrick Hoskins, and Cypress Four Property Ventures, LLC., in contempt of court and award sanctions to the Debtors for all the emotional and mental stress they are unnecessarily placing on the Debtors in this case. The Debtors also pray that this Court, will quash the Writ of Possession from May 24, 2016 that was issued under the automatic stay after they filed their petition. The Debtors pray that the Court sees that all requirements from the Court and the Trustee appointed to this case have been followed in a timely manner by them and will allow the automatic stay to remain in place to protect them from further harm of this Creditor and their attorneys.

Respectfully submitted,

William Poff and Julia Poff

34534 Park Green

Brookshire, TX 77423

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2016 a true and correct copy of the foregoing Debtor's Motion for Contempt, to Quash Writ of Possession, and Sanctions for Violation of the Automatic Stay Against Scott Horne, Patrick Hoskins, and Cypress Four Property Ventures, LLC., was served on all parties by first class and certified mail, return receipt requested.

JULIA ANN POFF

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM HARVEY POFF AND | § | CASE NO.: 16-32606-H4-13 |
| JULIA ANN POFF | § | |
| Debtor(s) | § | |

**ORDER FOR CONTEMPT, TO QUASH WRIT OF POSSESSION, AND SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY AGAINST SCOTT HORNE, PATRICK HOSKINS, AND CYPRESS FOUR PROPERTY VENTURES, LLC.**

THIS MATTER COMING before the Court on Debtors Motion for Contempt, to Quash Writ of Possession, and Sanctions for Violation of the Automatic Stay Against Scott Horne, Patrick Hoskins, and Cypress Four Property Ventures, LLC., and after the Court having considered the pleadings, affidavits, and argument of counsel to the court:

hereby finds as follows:

1. Scott Horne and Cypress Four Property Ventures, LLC., did in fact willfully violate the automatic stay on May 24, 2016 in having a Writ of Possession issued after being notified of the bankruptcy filing and not doing anything to recall or dismiss it.

2. Scott Horne, Patrick Hoskins, and Cypress Four Property Ventures, LLC., did in fact commit contempt of a direct court order and maliciously violated Rule 362 in having an invalid Writ of Possession served on the Debtors on July 6, 2016.

3. Debtors have suffered irreparable harm emotionally and mentally by their actions and continuous harassment.

**IT IS THEREFORE ORDERED:**

THAT the Debtors are entitled to sanctions for the violations of the automatic stay from May 24, 2016 thru the current date and that the above should all be held in contempt of court:

1. The Court grants $_____ for mental anguish by Plaintiffs and children.

2. The Court grants $_____ for exemplary damages as allowed by law.

3. The court grants $_____ for punitive damages as allowed by law.

4. The Writ of Possession issued on May 24, 2016 is quashed and invalid.

SIGNED _____, 2016

_____

JUDGE PRESIDING